Dear Mr. Rasch:
This office is in receipt of your request for an opinion of the Attorney General in regard to the selection of the officers for the Board of Embalmers and Funeral Directors. This Board was created pursuant to R.S. 37:832 as being within the Department of Health and Human Resources, and consists of seven members appointed by the Governor, and confirmed by the senate. It is further provided that the Board will include three licensed embalmers, three licensed funeral directors, and "one member, who shall be sixty years of age or over and who shall serve as a representative of the elderly consumers of Louisiana". The latter member is prohibited from being engaged in or retired from the profession of funeral director or embalmer, and, while a full voting member of the board, he shall not participate in the grading of individual examinations. R.S. 37:837 mandates that the board shall annually, at its first regular meeting, elect a president, vice-president, secretary and treasurer from themembers of the board who shall serve for one year.
You state the board has the long standing position that the elderly consumer representative be excluded from holding the position of an officer since he is not licensed and, inasmuch as the president, as chairman of the board, has no vote except to break a tie, the elderly consumer member would no longer be "a full voting member" as required by the statute. However, the elderly consumer representative has taken issue with this exclusion, and made inquiry why he could not hold the position of an officer and eventually, as president, as chairman of the board.
Accordingly, you ask whether the elderly consumer representative could hold an officer's position and subsequently, the position of president/chairman of the board.
We do not know if this exclusion is by written rule or that the majority have agreed not to elect the elderly consumer representative to an officer's position on the Board, but we do not find any statute that provides the elderly consumer representative cannot be elected or that he must be elected.
If it were the intent of the legislature that the elderly consumer representative could not be elected as an officer of the board, we do not feel the wording of the statute indicates this intent. The fact that the statute states the member will be "a full voting member", as are the other members of the board, does not demonstrate to us that the legislature intended by this language that he would be precluded from being considered for a position as an officer. We assume, without having the rules and regulations of the Board, that there is a rule that the President will not vote unless there is a tie or that this procedure is from use of Robert's Rules of Order inasmuch as the Board takes the position that this supports the conclusion that he cannot be an officer of the Board, since he must be "a full voting member". We find, that even accepting this reasoning, it would not support a conclusion that he could not be elected to another position as an officer.
Moreover, you recognize that R.S. 37:837 simply states that the Board shall elect the officers "from the members of the board", and he is clearly a "member of the board". It is well recognized when the wording of a statute is clear, it shall be applied as written, or if subject to different meanings, the meaning best conforming to the purpose of the law shall apply. Unquestionably, the statute mandates the Board shall elect the officers from members of the Board, and we find nothing that excepts the member that is the elderly consumer representative. While the statute excepts him from grading the examinations, there is no further exception by statute that this member of the board cannot be an officer.
Of course, we find nothing that mandates he be elected, and find that selection of officers is at the discretion of the entire membership.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI:bbr
Date Received:
Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General